IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRAIG MORRIS,

    Petitioner,

    v.

CASE NO. 2:09-CV-805
JUDGE SARGUS
MAGISTRATE JUDGE KING

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    Respondent.

## OPINION AND ORDER

This is petitioner's third habeas corpus action, filed pursuant to 28 U.S.C. §2254, in this Court. The first action was dismissed as unexhausted. *Morris v. Warden Correctional Institution*, 2:05-CV-903 (S.D. Ohio). On March 24, 2008, this Court conditionally granted a writ of habeas corpus on petitioner's claim that he had been denied the effective assistance of counsel because his attorney failed to file a direct appeal. *Morris v. Wolfe*, 2:06-CV-324 (S.D. Ohio). Petitioner's state court direct appeal was thereafter reinstated. In this action, petitioner asserts four claims, each relating to that state court appeal. On September 10, 2010, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. *Order and Report and Recommendation,* Doc. No. 17. This matter is now before the Court on petitioner's objections. *Objection*, Doc. No. 21.

The Magistrate Judge recommended that claims three and four be dismissed as procedurally defaulted because they were not presented on direct appeal to the Ohio Supreme Court; the Magistrate Judge recommended that claims one and two be dismissed as without merit. Petitioner objects to all these recommendations.

With respect to the issue of procedural default, petitioner complains that he should not be held responsible for his appointed appellate counsel's failure to raise claims three and four on direct

appeal to the Ohio Supreme Court. The ineffective assistance of counsel may, in some circumstances, establish cause for a petitioner's failure to properly preserve a claim for review in state court. However, in order to constitute cause sufficient to excuse a procedural default, the claimed ineffective assistance of counsel must itself be both exhausted and not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner has not demonstrated that he properly preserved a claim of ineffective assistance of appellate counsel in this regard. *See Exhibits 21 - 26*, attached to *Motion to Dismiss*, Doc. No. 5. This Court cannot, therefore, overlook the procedural default of claims three and four. *See Edwards, supra.*

In claims one and two, petitioner contends that he was denied his right to appeal because his appellate attorney failed to raise on appeal the issues that petitioner asked to be raised. Noting that "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy," *Report and Recommendation,* Doc. No. 17, at 13 (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986)), the Magistrate Judge concluded that petitioner failed to establish that his appellate counsel had performed in a constitutionally deficient manner or that petitioner was prejudiced by his counsel's performance. Pursuant to 28 U.S.C. §636(b), this Court has carefully reviewed the entire record. This Court agrees with the conclusions of the Magistrate Judge.

Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT**.

10-18-2010
EDMUND A. SARGUS, JR.
United States District Judge

2